[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11674
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 17, 2006
THOMAS K. KAHN
CLERK

BIA Nos. A95-903-580 & A95-903-556

LUIS ANTONIO DIAZ VESGA,
JHOAN CAMILO DIAZ OLIVEROS,
ANDRES FELIPE DIAZ OLIVEROS,
MARIA DE JESUS OLIVEROS BERNAL,

Petitioners,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(October 17, 2006)**

Before TJOFLAT, DUBINA and HULL, Circuit Judges.

PER CURIAM:

Luis Antonio Diaz-Vesga (Vesga), his wife, and their two children,[1] citizens of Colombia, S.A., petition this court to review the decision of the Board of Immigration Appeals ("BIA") decision adopting and affirming the order of an Immigration Judge ("IJ") denying their application for asylum and withholding of removal under the Immigration and Nationality Act ("INA").[2]

Vesga contends that the IJ erred in denying his claim for asylum and withholding of removal because he established that he suffered past persecution on account of his political opinion and that it is more likely than not that he will be persecuted upon returning to Colombia by the National Liberation Army ("ELN"). The Government responds that we lack jurisdiction to review the denial of Vesga's application for asylum because the application was time-barred.

We review only the BIA's decision, except to the extent that the BIA expressly adopts the IJ's opinion. Al Najjar v. Ashcroft, 257 F.3d 1262, 1284 (11th Cir. 2001). Insofar as the BIA adopts the IJ's reasoning, as occurred here, we review the IJ's decision as if it were the BIA's. Id.

---

[1] The asylum application in this case and the petition for review are based on Vesga's claims of persecution. Therefore, this opinion refers only to Vesga; our decision, however, applies to all petitioners.

[2] Vesga also applied for relief under the U. N. Convention Against Torture ("CAT"). Vesga makes no arguments on appeal concerning the denial of his request for CAT relief. Therefore, he has waived that issue. See Sepulveda v. U.S. Att'y Gen., 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

To the extent the IJ's decision was based upon a legal determination, our review is de novo. Mohammed v. Ashcroft, 261 F.3d 1244, 1247-48 (11th Cir. 2001). We review the IJ's factual determinations under the substantial evidence standard and "must affirm the [IJ's] decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." Al Najjar, 257 F.3d at 1283-84 (citation omitted); see also INA § 242(b)(4)(B), 8 U.S.C. § 1252(b)(4)(B)) ("administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"). To reverse the IJ's decision, we must conclude that the record not only supports reversal, but compels it. Mendoza v. U.S. Att'y Gen., 327 F.3d 1283, 1287 (11th Cir. 2003). That evidence in the record may also support a conclusion contrary to the administrative findings is not enough to justify a reversal. Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004), cert. denied, 125 S.Ct. 2245 (2005).

An alien may apply for asylum if he "demonstrates by clear and convincing evidence that his application has been filed within one year after the date of the alien's arrival in the United States." INA § 208(a)(2)(B), 8 U.S.C. § 1158(a)(2)(B). However,

> An application for asylum of an alien may be considered . . . if the alien demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect the

3

applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application within the period specified . . . .

INA § 208(a)(2)(D), 8 U.S.C. § 1158(a)(2)(D). Nevertheless, "[n]o Court shall have jurisdiction to review any determination of the Attorney General under [§ 1158(a)(2)]." INA § 208(a)(3), 8 U.S.C. § 1158(a)(3); Mendoza, 327 F.3d at 1287. Consequently, § 1158(a)(3) divests this court of jurisdiction to review "a decision regarding whether an alien complied with the one-year time limit or established extraordinary circumstances that would excuse his untimely filing." Mendoza, 327 F.3d at 1287. Jurisdictional provisions in the REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, 310 (2005), do not affect our precedents, such as Mendoza. Chacon-Botero v. U.S. Att'y Gen., 427 F.3d 954, 957 (11th Cir. 2005).

The IJ determined that Vesga's asylum application was untimely and that he failed to establish changed or extraordinary circumstances to excuse the untimeliness. Accordingly, we lack jurisdiction to review the denial of Vega's asylum application and dismiss the petition for review as to such denial.

An alien shall not be removed to a country if his life or freedom would be threatened on account of race, religion, nationality, membership in a particular social group, or political opinion. INA § 241(b)(3), 8 U.S.C. § 1231(b)(3). The alien must show that it is "more likely than not that [he] will be persecuted or tortured upon being returned to [his] country." Sepulveda v. U.S. Att'y Gen., 401

4

F.3d 1226, 1232 (11th Cir. 2005). This standard is more stringent than the

"well-founded fear" standard for asylum. Mazariegos v. Office of the U.S. Att'y

Gen, 241 F.3d 1320, 1324 n.2 (11th Cir. 2001).

> If the alien establishes past persecution in his country based on a protected ground, it is presumed that his life or freedom would be threatened upon return to his country unless the [Department of Homeland Security] shows by a preponderance of the evidence that, among other things, (1) the country's conditions have changed such that the applicant's life or freedom would no longer be threatened upon his removal; or (2) that the alien could avoid a future threat to his life or freedom by relocating to another part of the proposed country of removal, and it would be reasonable to expect him to do so.

Mendoza, 327 F.3d at 1287. In the absence of a showing of past persecution,

however, the alien "may still be entitled to withholding of removal if he can

demonstrate a future threat to his life or freedom on a protected ground in his

country." Id. Moreover, "[a]n alien cannot demonstrate that he more-likely-than-

not would be persecuted on a protected ground if the IJ finds that the alien could

avoid a future threat by relocating to another part of his country." Id. An alien

may also sustain his burden of proof by showing a pattern or practice of

persecution of groups similarly situated to him in which he is included or with

which he is identified. 8 C.F.R. § 208.16(b)(2).

Persecution is an "extreme concept." Sepulveda, 401 F.3d at 1231.

Although the INA does not define persecution, courts have generally held that

persecution is "punishment or the infliction of harm for political, religious, or other

5

reasons that this country does not recognize as legitimate." See, e.g., Tamas-Mercea v. Reno, 222 F.3d 417, 424 (7th Cir. 2000). "[P]ersecution encompasses more than threats to life or freedom; non-life threatening violence and physical abuse also fall within this category." Id. Mere harassment is not persecution; persecution requires "more than a few isolated incidents of verbal harassment or intimidation." Sepulveda, 401 F.3d at 1231; see also Nelson v. INS, 232 F.3d 258, 263 (1st Cir. 2000) (persecution "must rise above unpleasantness, harassment, and even basic suffering"). Furthermore, with regard to political opinion claims, "[i]t is not enough to show that [the alien] was or will be persecuted or tortured due to [his] refusal to cooperate with the guerillas." Sanchez v. U.S. Att'y Gen., 392 F.3d 434, 438 (11th Cir. 2004).

Substantial evidence supports the IJ's finding that Vesga did not show that it was more likely than not that he would be persecuted upon returning to Colombia. The record does not compel a finding that Vesga established more than a few isolated incidents of verbal harassment or intimidation; therefore, the IJ's finding that Vesga did not show past persecution is supported by substantial evidence. Additionally, the record does not contain evidence compelling a conclusion that Vesga demonstrated a future threat to his life or freedom. His encounters with the ELN occurred more than ten years ago and his family members who remained in Colombia have had no specific problems with or threats from the ELN.

6

Finally, there is substantial evidence to support the IJ's conclusion that Vesga failed to establish a nexus between the feared persecution and his political opinion. The evidence in the record reflects a three-year lag between Vesga's first encounter with the ELN and his two months of political activity, which consisted of campaigning on behalf of a friend. This is not sufficient to compel a conclusion that there was a connection between his political activity and the ELN's actions against him.

Accordingly, we deny Vesga's petition for review of his withholding of removal claim.

**PETITION DISMISSED**, in part; **DENIED**, in part.